## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin Seafler, Roy A. Smyth, Carol K. Smyth,**
**Thomas A. Mooney, Dorothy Ann Mooney,**
**Judith B. Douglas, Patsy Pauley,**
**Plaintiffs Below, Petitioners**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0532** (Kanawha County 12-C-1685)

**William Smith; Byron C. Calhoun; and Timothy Hudson,**
**Barbara Smith, Abel Walker, and Sylvia Hackney,**
**as Trustees of Riverview Presbyterian Church,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Kevin Seafler, Roy A. Smyth, Carol K. Smyth, Thomas A. Mooney, Dorothy Ann Mooney, Judith B. Douglas, and Patsy Pauley appeal the Circuit Court of Kanawha County's April 2, 2013, order dismissing their case for lack of subject matter jurisdiction. Respondents William Smith and Byron Calhoun, along with respondents Timothy Hudson, Barbara Smith, Abel Walker, and Sylvia Hackney as Trustees of Riverview Presbyterian Church, respond in support of the order. Petitioners are represented by counsel Christopher J. Winton, while respondents are represented by counsel Jeremiah G. Dys.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the briefs and the record presented, the Court finds no error in the circuit court's decision. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

Before the events described herein, petitioners and respondents were all members of the Riverview Presbyterian Church ("Riverview"), which in turn was a member of the Presbyterian Church in America ("PCA"). A dispute arose amongst Riverview's members about who could control the church's real property and who was a member of the church. Petitioners allege that respondents wrongfully revoked petitioners' church membership. Petitioners filed complaints with the group of Riverview's elders known as the Riverview Presbyterian Church Session ("Session"), but petitioners did not receive the relief they sought. Petitioners then filed complaints with the next step in the PCA hierarchy, the New River Presbytery ("Presbytery"). On May 19, 2012, the Presbytery sent the matter back to the Session with instructions to give petitioners "process" in accordance with the PCA's rules. Petitioners argue that instead of reconsidering their complaints, the Session voted to withdraw Riverview from the PCA, thereby removing Riverview from the jurisdiction of the Presbytery.

1

Petitioners[1] then filed the instant civil action in circuit court. They asserted four counts. Count One of their complaint asked for a declaratory ruling on whether petitioners are members of Riverview. Count Two asked for a declaratory ruling on whether Petitioner Kevin Seafler is still a trustee of Riverview. Count Three asked for a declaratory ruling on whether Riverview is a member of the PCA subject to the jurisdiction of the Presbytery. Count Four alleged a statutory claim pursuant to West Virginia Code § 35-1-11 to stop respondents from conveying or encumbering Riverview's real property. West Virginia Code § 35-1-11 allows one-fourth of the members of a church to file a civil proceeding to prevent church trustees from conveying or creating liens on church property.

Respondents filed a motion to dismiss pursuant to Rule 12(b)(1) of the West Virginia Rules of Civil Procedure arguing that the circuit court lacked subject matter jurisdiction over the case. In its order of April 2, 2013, the circuit court granted the motion and dismissed the case with prejudice. The court determined that to rule on petitioners' counts, the court would necessarily be forced to inquire into subject matter that is solely the province of Riverview and the PCA.

Petitioners now appeal to this Court. We apply a de novo standard of review to a circuit court's order granting a motion to dismiss. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyon Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

The separation of church and state is a fundamental tenet of American jurisprudence. The First Amendment of the United States Constitution and article 3, section 15 of the West Virginia Constitution severely limit a civil court's authority to interfere with internal church operations. Syl. Pt. 1, in part, *Board of Church Extension v. Eads*, 159 W.Va. 943, 230 S.E.2d 911 (1976). Whether Riverview must retain petitioners as members, whether Petitioner Seafler is a trustee of Riverview, and whether Riverview must maintain its membership in the PCA, are unquestionably matters of religious doctrine and internal church operations over which the circuit court and this Court have no jurisdiction. Moreover, as the circuit court correctly found, to rule upon petitioners' statutory property claim would necessarily require an inquiry into subject matter that is solely within the province of the church. This is because only church "members" may bring a claim under West Virginia Code § 35-1-11, and in this particular case, whether petitioners are "members" is a disputed matter of internal church operations and theology.

To support their argument that the circuit court does have subject matter jurisdiction, petitioners attempt to bring their case under the exception in *Eads* recognizing that courts may have subject matter jurisdiction to enforce a final adjudication of the highest church tribunal in a hierarchical church structure. *See,* Syl. Pt. 2, *Eads*, 159 W.Va. 943, 230 S.E.2d 911. Petitioners argue that they are not asking the circuit court to rule on theological matters; rather, they are asking the circuit court to enforce the final adjudication of a higher tribunal in the hierarchical PCA. In other words, they argue that they want the circuit court to merely enforce the decision of the Presbytery to refer the issue back to the Session for reconsideration.

---

[1]An additional plaintiff below, Margaret Seafler, is now deceased.

We find two flaws with petitioners' argument. First, they did indeed ask the circuit court to rule on matters of church doctrine and internal operations. Counts One through Three of their complaint specifically sought rulings on matters of membership in the local church and in the PCA. Moreover, asking the circuit court to enforce a decision of the Presbytery would require the court to first determine whether Riverview is still a member of the PCA, which is, again, beyond the jurisdiction of a civil court.

For the foregoing reasons, we affirm the circuit court's order dismissing the case for lack of subject matter jurisdiction.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman

3